UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAYVID DE OLIVEIRA JIMENEZ,

        Petitioner,

v.                                                23-CV-379 (JLS)

JEFFREY SEARLS,

        Respondent.
_____

## DECISION AND ORDER

Petitioner Dayvid De Oliveira Jimenez, a native and citizen of Brazil, commenced this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued detention in the custody of the Department of Homeland Security ("DHS"), and seeking an order from this Court requiring the Government to release him. Dkt. 9. For the below reasons, Jimenez's petition is dismissed.

## BACKGROUND

### I.   Factual Background

Jimenez previously sought habeas relief in this Court in December 2022. On March 2, 2023, this Court dismissed Jimenez's petition, concluding that (1) his detention was governed by 8 U.S.C. § 1231, and (2) his Section 1231 claim was premature under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Jimenez v. Searls*, No. 22-CV-960 (JLS), Dkt. 13 (W.D.N.Y. Mar. 2, 2023). That decision and order

recounts the background of Jimenez's removal proceedings, and the Court incorporates it here. *See id.* at 2–3.

Jimenez's order of removal became administratively final on January 25, 2023, when the Board of Immigration Appeals ("BIA") denied his appeal. Dkt. 9, at 3 ¶ 5; Dkt. 10, at 2 ¶ 6.[1] Jimenez currently has four petitions for review ("PFRs") pending at the Second Circuit—in particular, filed on January 4, 2023 (23-6005), February 10, 2023 (23-6143), August 9, 2023 (23-6895), and March 8, 2024 (24-665).[2] By this Court's count, Jimenez has filed six motions for a stay of removal at various times across those four cases. The Second Circuit resolved five of those motions in orders dated August 2, 2023, and October 17, 2023.[3] One motion for a stay of removal, filed March 8, 2024 in case number 24-665, is pending. To date, the Second Circuit has not issued a stay of removal.

Jimenez remains in the custody of DHS at the Buffalo Federal Detention Facility in Batavia, New York, pending his removal from the United States. Dkt. 9, at 2 ¶ 3; Dkt. 10, at 3 ¶ 16; Dkt. 10-2, at 3 ¶ 17.

---

[1] Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[2] The three PFRs filed in 2023 appear to be on a coordinated briefing schedule. In those cases, Jimenez filed his brief and appendix on January 16, 2024. The response brief in each case is due on April 15, 2024.

[3] The Second Circuit also denied a temporary stay of removal, pending resolution of the underlying motion by a three-judge panel, on September 11, 2023.

## II. Procedural History

Jimenez commenced this proceeding on May 1, 2023. Dkt. 1. Respondent moved to dismiss on May 16, 2023. Dkt. 5. In response, Jimenez moved to amend his petition. Dkt. 7. The Court granted his request and set a scheduling order on the amended petition. Dkt. 8.

Consistent with that order, Jimenez filed the amended petition—the operative petition here—on July 10, 2023. Dkt. 9.[4] Respondent filed an answer and return. Dkt. 10. Jimenez submitted a letter, dated September 11, 2023 (Dkt. 12), which Respondent responded to (Dkt. 14), at the direction of the Court. Jimenez then responded to Respondent's answer and return. Dkt. 17.[5] He also submitted three supplements to his amended petition, dated September 28, 2023 (Dkt. 19), November 6, 2023 (Dkt. 20), and January 16, 2024 (Dkt. 21).

Because Jimenez's detention is lawful under Section 1231, the amended petition must be dismissed.

## DISCUSSION

### I. Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, only circuit courts have jurisdiction over challenges to

---

[4] The Court received and filed the amended petition on July 12, 2023, but the envelope indicates the amended petition was mailed on July 10, 2023. *See id.* at 1, 20.

[5] Jimenez moved for leave to file an oversized brief in response to the answer and return. Dkt. 16. The Court grants that request.

the legality of final orders of deportation, exclusion, and removal. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . , which circuit courts alone can consider."). District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Jimenez asks the Court to review the length of his detention and grant him release—a request that falls within this Court's limited jurisdiction over immigration matters.

## II. Jimenez's Detention is Lawful under Section 1231

The Court previously determined that 8 U.S.C. § 1231 governs Jimenez's detention because (1) he was subject to a final order of removal, and (2) had not obtained a stay of removal from the Second Circuit. *See Jimenez*, No. 22-CV-960 (JLS), Dkt. 13, at 6–8. Each of these things remains true.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from the United States following the entry of a final order of deportation or removal. *Id.* § 1231(a)(1)(A). The removal period begins at the latest of the following events:

(i)   The date the order of removal becomes administratively final;
(ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

4

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. *Id.* § 1231(a)(2). After this removal period is over, detention is discretionary; an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas*, 533 U.S. at 701. After six months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* An alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Jimenez's order of removal became administratively final on January 25, 2023, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a); Dkt. 9, at 3 ¶ 5; Dkt. 10, at 2 ¶ 6. The ninety-day removal period under the statute expired on April 25, 2023. Dkt. 10, at 2 ¶ 7. The six-month "presumptively reasonable" period under *Zadvydas* expired on July 25, 2023. *Id.* ¶ 8. Jimenez has been detained—under Section 1231—for approximately fourteen months.

5

To prevail here, Jimenez must demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. He cannot do so. Within weeks of the removal order becoming final in January 2023, Immigration and Customs Enforcement ("ICE") began the process of obtaining travel documents for Jimenez's removal to Brazil. Dkt. 10-2, at 2 ¶¶ 5–8, 11. As of August 2023, DHS was waiting to receive travel documents from the Brazilian government. *Id.* at 3 ¶ 15. DHS states that: (1) there are no institutional barriers to Jimenez's removal to Brazil; (2) DHS has repatriated thousands of people to Brazil in recent years; and (3) no reason exists to suggest that Jimenez's removal would not occur expeditiously, if the Second Circuit were to deny his PFRs or motion for a stay of removal. *Id.* ¶¶ 14–16; *see also* Dkt. 10, at 3 ¶ 15.

Jimenez repeatedly sought review of his removal order by filing PFRs with the Second Circuit. *See supra* Section I (Factual Background). He also filed numerous motions for a stay of removal. Consistent "with the Government's forbearance policy," Jimenez will "not be removed while his stay motion is pending." *See Zheng v. Decker*, 618 F. App'x 26, 28 (2d Cir. 2015); *see also* Dkt. 10, at 3 ¶ 10 ("Petitioner filed a motion for [a] stay of removal . . . , triggering the Forbearance Agreement . . . ."); Dkt. 10-2, at 2 ¶ 10 (same). In other words, the Government "has been prevented from removing [Jimenez] . . . "by its . . . forbearance policy"—a situation resulting from Jimenez's repeated motions for a stay of removal. *See Zheng*, 618 F. App'x at 28.

Thus, Jimenez's detention under Section 1231 is lawful.[6] It is true that Jimenez has been detained under Section 1231 beyond the six-month *Zadvydas* period. During that time, ICE "has reviewed [his] detention on at least two occasions, . . . and determined that [he] was a flight risk [and a threat to public safety] and that his removal could be effectuated as soon as judicial review of his removal was complete." *See Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006); *see also* Dkt. 20, at 17–21 (custody status reviews dated August 25, 2023, and October 31, 2023).

The reason for Jimenez's extended detention appears to be his litigation strategy, including "fil[ing] motions to stay his removal, which trigger the application of [the Second Circuit]'s forbearance policy." *See Abimbola*, 181 F. App'x at 99. Of course, Jimenez may pursue the full range of process provided to him. But "a self-inflicted wound should not establish grounds for [his] *Zadvydas* claim." *See id.*; *see also Portillo v. Decker*, No. 21 Civ. 9506 (PAE), 2022 WL 826941, at *5 (S.D.N.Y. Mar. 18, 2022) ("For obvious reasons, a noncitizen's use of the American judicial process, to the extent it delays removal, does not warrant release under *Zadvydas*.").

---

[6] Because Jimenez did not demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Court need not determine whether the Government rebutted such a showing. *See Zadvydas*, 533 U.S. at 701. In any event, on this record, the Court concludes that the Government has done so. *See* Dkt. 10, at 3 ¶ 15; Dkt. 10-2, at 3 ¶¶ 14–16.

## CONCLUSION

For these reasons,[7] Jimenez's amended petition (Dkt. 9) is DISMISSED. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:   March 25, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[7] The Court has considered each of Jimenez's arguments and requests for relief—including those not explicitly mentioned in this decision and order—and concludes that they lack merit.